IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00498-MEH

LARRY CLARK,

     Plaintiff,

v.

DCPS, and
TONY ORTIZ,

     Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Defendant Tony Ortiz seeks to dismiss Plaintiff Larry Clark's employment discrimination claims against him. Because individual supervisors are not liable under Title VII or the Colorado Anti-Discrimination Act ("CADA"), I grant Mr. Ortiz' Motion to Dismiss.

## <u>BACKGROUND</u>

### I.     Facts

     The following are Mr. Clark's factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations), which I take as true for my analysis under Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

     Mr. Clark worked for Defendant DCPS from 2015 through 2017 as a night supervisor. Compl. ¶ 1, ECF No. 1. Minority employees Mr. Clark supervised regularly complained that other supervisors treated them in a discriminatory manner. *Id.* ¶ 2. Mr. Clark addressed these issues with the other supervisors and Mr. Ortiz, the operations manager. *Id.* ¶ 3. However, Mr. Ortiz advised

Mr. Clark that he needed to ignore the complaints. *Id.* ¶ 3. Additionally, Mr. Ortiz told Mr. Clark that he was "digging a hole" for himself by consistently raising the complaints. *Id.* ¶ 6.

While at work in February 2017, Mr. Clark had an altercation with the tenant of a property he was cleaning. *Id.* ¶ 7. Although the tenant called the police because of a threat Mr. Clark allegedly made, the police did not arrest Mr. Clark or take any other action against him. *Id.* at 16. Mr. Ortiz used this incident to justify terminating Mr. Clark's employment. *Id.* ¶ 8.

## II.   Procedural History

Proceeding pro se, Mr. Clark filed the present case in Colorado state court on January 12, 2018. *Id.* Mr. Clark does not specifically delineate the claims he pleads. However, in the EEOC charge attached to his Complaint, Mr. Clark asserts Defendants discriminated and retaliated against him on the basis of race. Compl. 4, ECF No. 3. Accordingly, for purposes of this motion, I construe Mr. Clark's Complaint liberally as asserting violations of Title VII and the CADA. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("Title VII prohibits all discrimination in employment based upon race, sex, and national origin."); *Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 399–400 (Colo. 1997) (stating that the CADA protects against race discrimination in employment).

Mr. Ortiz removed the case to this Court on February 27, 2018. Notice of Removal, ECF No. 1. On March 6 Mr. Ortiz responded to the Complaint by filing the present Motion to Dismiss, ECF No. 8. According to Mr. Ortiz, Tenth Circuit precedent makes clear that individual supervisors are not liable under Title VII and the CADA. *Id.* at 3. In response, Mr. Clark does not address whether these statutes permit claims against supervisors. Resp. to Mot. to Dismiss, ECF No. 29. Instead, he argues only that "Tony Ortiz had the authority to hire and fire employees and should not

be dismissed from this case." *Id.* at 1.  Mr. Ortiz subsequently filed a reply.  Reply in Supp. of Mot. to Dismiss, ECF No. 30.

## LEGAL STANDARDS

### I.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 679–80.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff

has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II. Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* The Tenth Circuit interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## ANALYSIS

Mr. Clark fails to state a claim against Mr. Ortiz. Regarding his Title VII claim, "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Palmer v. Kaiser Found. Hosps. Tech. Risk Office*, No. 16-cv-02376-WJM-KMT, 2017 WL 4564251, at *2 (D. Colo. Oct. 13, 2017) ("Title VII does not provide for individual liability."). Mr. Clark sues Mr. Ortiz as the manager responsible for his termination.

Compl. ¶¶ 3, 8, ECF No. 3.  Accordingly, Mr. Clark's Title VII claim against Mr. Ortiz is improper.[1]

Similarly, the CADA and Colorado common law do not create a cause of action against supervisors or managers for race discrimination in employment.  *See Atwell v. Gabow*, No. 06-cv-02262-CMA-MJW, 2009 WL 112492, at *4 n.2 (D. Colo. Jan. 15, 2009) ("Neither Title VII nor CADA provide for personal liability of supervisors or managers."); *see also Spaziani v. Jeppesen Sanderson, Inc.*, No. 14-cv-03261-REB-KMT, 2015 WL 5307971, at *3 (D. Colo. Sept. 11, 2015) ("[T]here is no individual liability for a public policy wrongful discharge claim.").  Mr. Clark does not address Mr. Ortiz' argument or this precedent in his response brief.  Accordingly, to the extent Mr. Clark intended to assert claims against Mr. Ortiz under Colorado law, he fails to state a claim.

## CONCLUSION

I dismiss Mr. Clark's discrimination claims against Mr. Ortiz in his individual capacity, because Title VII and Colorado state law do not contemplate race discrimination claims against individual supervisors.  Accordingly, Mr. Ortiz' Motion to Dismiss [filed March 6, 2018; ECF No. 8] is **granted**.

---

[1] Some courts have suggested that an individual can be liable under Title VII if he is the "alter-ego" of the corporation.  *See Land v. Midwest Office Tech., Inc.*, 114 F. Supp. 2d 1121, 1148–49 (D. Kan. 2000) ("Under the alter-ego doctrine, a supervisor may be held liable under Title VII as an 'employer' when 'the supervisor's role is more than that of a mere supervisor but is actually identical to that of the employer.'" (quoting *Curcio v. Chinn Enters., Inc.*, 887 F. Supp. 190, 193–94 (N.D. Ill. 1995))); *Parsells v. Manhattan Radiology Grp., LLP*, 255 F. Supp. 2d 1217, 1235 (D. Kan. 2003) (same).  Even assuming the Tenth Circuit would adopt this rule, Mr. Clark does not allege facts establishing that Mr. Ortiz was DCPS' alter ego.  *See Land*, 114 F. Supp. 2d at 1349 (stating that an individual must exercise a high degree of dominion and control over the corporation to be its alter-ego for purposes of Title VII liability).  Indeed, Mr. Clark must allege something more than that Mr. Ortiz was his supervisor and had the power to terminate his employment.  *See id.* at 1149.

Entered and dated at Denver, Colorado, this 6th day of July, 2018.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge